AIF.25775

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHANDA JOHNSON,<br>    Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO. 3:21-cv-3105 |
| REUBEN COX; TAK TRUCKING,<br>INC.; and VICTORY<br>TRANSPORTATION, INC.,<br>    Defendants. | § § § § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants **REUBEN COX, TAK TRUCKING, INC., and VICTORY TRANSPORTATION, INC.** (hereinafter "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal.

### I. INTRODUCTION

1.  This removal is based on diversity jurisdiction. Plaintiff Lashanda Johnson ("Plaintiff") has sued Defendants for negligence due to a motor vehicle accident and resulting personal injury damages arising from an accident that allegedly occurred on September 20, 2019, in Kaufman County, Texas. Plaintiff filed suit on May 10, 2021 in the 162nd Judicial District Court, Dallas County, Texas.

2.  Plaintiff is now, and was at the time of removal and at the time of the filing of the lawsuit, an individual resident and citizen of the State of Texas.

3.  In contrast, Defendants are now, and were at the time of removal and at the time of the filing of the lawsuit, citizens and residents domiciled in the State of Illinois (TAK Trucking, Inc.) and the State of Florida (Victory Transportation, Inc. and Reuben Cox).

4.  Moreover, Defendant TAK Trucking, Inc. is a corporation incorporated under the laws of the States of Illinois, with its principal place of business, including its corporate

headquarters, in the State of Illinois.  Thus, TAK Trucking, Inc. is now, and was at the time this action commenced, a citizen of the State of Illinois and of no other state.

5. Defendant Victory Transportation, Inc. is a corporation incorporated under the laws of the States of Florida, with its principal place of business, including its corporate headquarters, in the State of Florida.  Thus, Victory Transportation, Inc. is now, and was at the time this action commenced, a citizen of the State of Florida and of no other state.

6. Defendant Reuben Cox is a resident and citizen of the State of Florida.  Further, Defendant Reuben Cox is domiciled in the State of Florida.  Thus, Reuben Cox is now, and was at the time this action commenced, a citizen of the State of Florida and no other state.

7. Plaintiff also originally filed suit against Kristina Dodd on May 10, 2021.  Kristina Dodd, like Plaintiff, was a resident domiciled in the State of Texas.  However, Plaintiff filed an Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd on November 23, 2021.  Thus, Kristina Dodd is no longer a party to this lawsuit.

8. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In particular, Plaintiff's Original and First Amended Petitions seek monetary relief "of over $250,000 but not more than $1,000,000."  Thus, on its face, Plaintiff's Petition seeks more than $75,000.00.

9. Defendants timely filed this Notice of Removal within 30 days of service of the Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd.  This action has been on file for less than one year.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    Diversity Jurisdiction Exists**

10. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this action is removable under 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

11. Removal is proper because this lawsuit involves a controversy between citizens of different states.

12. Plaintiff is forty-seven (47) years of age and a citizen of Texas. Plaintiff's most recent Petition states that she is an individual resident of Allen, Collin County, Texas. In response to written Interrogatories in the underlying suit, Plaintiff identified an address in Allen, Collin County, Texas as her residence since 2008. Her driver's licensed, issued by Texas on March 11, 2019, further reflects she lives in Allen, Collin County, Texas. Accordingly, Plaintiff is an individual resident and citizen of the State of Texas.

13. Defendant Reuben Cox is a citizen and resident domiciled in the State of Florida, and was at the time of the accident made the basis of this lawsuit.

14. Defendant TAK Trucking, Inc. is an Illinois corporation with its principal place of business in Illinois.

15. Defendant Victory Transportation, Inc. is a Florida corporation with its principal place of business in Florida.

16. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiff seeks "monetary relief of over $250,000 but not more than $1,000,000" in this lawsuit. *See* Plaintiff's First Amended Petition, P. 1. Moreover, she seeks damages for past and future medical expenses, past and future physical pain and mental anguish, past and future physical disfigurement, past lost earnings and loss of future

earning capacity, property damage and loss of use of vehicle, and punitive damages. *Id*., P. 8. The amount in controversy thus exceeds $75,000.00, exclusive of interest and costs.

**B.     Removal Is Timely**

17.     Plaintiff filed suit on May 10, 2021. However, Defendant Kristina Dodd was a non-diverse Defendant. Plaintiff filed an Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd Only on November 23, 2021. The remaining Defendants are all diverse from Plaintiff and have removed this matter within 30 days of service of a copy of the pleading or other paper by which Defendants could first ascertain that the case is one which is removable pursuant to 28 U.S.C. § 1446(c)(b)(3). *See Poskey v. Taylor, Bean & Whitaker Mrtg. Corp.*, No. CIV. A 9:08CV209, 2009 WL 33413, at *2 (E.D. Tex. Jan. 6, 2009) (case is removable within 30 days of service of notice of nonsuit of non-diverse defendant). In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III.  COMPLIANCE WITH REMOVAL PROCEDURES

18.     Attached to Defendants' Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and E.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

      A.     Civil Cover Sheet;

      B.     Supplemental Civil Cover Sheet;

      C.     Defendant's Index of Documents:

            1.     State Court Docket Sheet;

            2.     Plaintiff's Original Petition, filed May 10, 2021;

            3.     Plaintiff's First Amended Petition, filed May 25, 2021;

            4.     Citation of Service on TAK Trucking, Inc., dated July 12, 2021;

5. Citation of Service on Victory Transportation, Inc., dated June 19, 2021;

6. Citation of Service on Kristina Dodd, dated June 14, 2021;

7. Defendant TAK Trucking, Inc.'s Original Answer, filed August 6, 2021;

8. Defendant Victory Transportation, Inc.'s Original Answer, filed August 6, 2021;

9. Order Granting Plaintiff's Motion for Substituted Service of Defendant Reuben Cox dated August 27, 2021;

10. Defendant Kristina Dodd's Original Answer, filed September 8, 2021;

11. Defendant Reuben Cox's Original Pro Se Answer, filed October 7, 2021;

12. Defendants TAK Trucking, Inc., Victory Transportation, Inc., and Reuben Cox's First Amended Answer, filed October 22, 2021;

13. Plaintiff's Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd Only, filed November 23, 2021; and

14. Order Granting Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd Only, filed December 1, 2021.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the 162nd Judicial District Court in Dallas County, Cause No. DC-21-05524.

20. Defendants will immediately file a copy of this Notice of Removal with the clerk of the state court in which the state court action is pending.

21. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

22. Defendants have requested a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Reuben Cox, Tak Trucking, Inc., and Victory Transportation, Inc. request this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which they may be justly entitled.

> Respectfully submitted,
>
> **FLETCHER, FARLEY**
> **SHIPMAN & SALINAS, L.L.P.**
>
> */s/ Jeffrey D. Smith*
> **DOUGLAS D. FLETCHER**
> State Bar No. 07139500
> Email: doug.fletcher@fletcherfarley.com
> **JEFFREY D. SMITH**
> State Bar No. 24063008
> Email: jeffrey.smith@fletcherfarley.com
> **MATTHEW B. SKIDMORE**
> State Bar No. 24106941
> Email: matthew.skidmore@fletcherfarley.com
> 9201 N. Central Expressway, Suite 600
> Dallas, Texas 75231
> 214-987-9600
> 214-987-9866 fax
>
> **ATTORNEYS FOR DEFENDANTS**
> **REUBEN COX, TAK TRUCKING, INC. and**
> **VICTORY TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 13th day of December, 2021.

> */s/ Jeffrey D. Smith*
> **JEFFREY D. SMITH**