AIF.25775

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LASHANDA JOHNSON, | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:21-cv-3105** |
| | § | |
| **REUBEN COX; TAK TRUCKING,** | § | |
| **INC.; and VICTORY** | § | |
| **TRANSPORTATION, INC.,** | § | |
|     **Defendants.** | § | |

## DEFENDANTS' INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendants'

Notice of Removal:

1.    State Court Docket Sheet;

2.    Plaintiff's Original Petition, filed May 10, 2021;

3.    Plaintiff's First Amended Petition, filed May 25, 2021;

4.    Citation of Service on TAK Trucking, Inc., dated July 12, 2021;

5.    Citation of Service on Victory Transportation, Inc., dated June 19, 2021;

6.    Citation of Service on Kristina Dodd, dated June 14, 2021;

7.    Defendant TAK Trucking, Inc.'s Original Answer, filed August 6, 2021;

8.    Defendant Victory Transportation, Inc.'s Original Answer, filed August 6, 2021;

9.    Order Granting Plaintiff's Motion for Substituted Service of Defendant Reuben Cox dated August 27, 2021;

10.    Defendant Kristina Dodd's Original Answer, filed September 8, 2021;

11.    Defendant Reuben Cox's Original Pro Se Answer, filed October 7, 2021;

12.  Defendants TAK Trucking, Inc., Victory Transportation, Inc., and Reuben Cox's First Amended Answer, filed October 22, 2021;

13.  Plaintiff's Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd Only, filed November 23, 2021; and

14.  Order Granting Agreed Notice of Nonsuit Without Prejudice of Defendant Kristina Dodd Only, filed December 1, 2021.

Respectfully submitted,

**FLETCHER, FARLEY SHIPMAN & SALINAS, LLP**

 */s/ Jeffrey D. Smith*
**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Email: doug.fletcher@fletcherfarley.com
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**MATTHEW B. SKIDMORE**
State Bar No. 24106941
Email: matthew.skidmore@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 fax

**ATTORNEYS FOR DEFENDANTS REUBEN COX, TAK TRUCKING, INC. and VICTORY TRANSPORTATION, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 13th day of December, 2021.

_/s/ Jeffrey D. Smith_
**JEFFREY D. SMITH**

1

## Case Information

DC-21-05524 | LASHANDA JOHNSON vs. REUBEN COX, et al

Case Number
DC-21-05524

Court
162nd District Court

Judicial Officer
MOORE, MARICELA

File Date
04/30/2021

Case Type
MOTOR VEHICLE ACCIDENT

Case Status
OPEN

## Party

PLAINTIFF
JOHNSON, LASHANDA

Address
10440 N. CENTRAL EXPRESSWAY, SUITE 400
DALLAS TX 75231

Active Attorneys ▾
Lead Attorney
ZAIDI, JIBRAEEL
Retained

DEFENDANT
COX, REUBEN

Address
Q65 NE 202ND TERRACE #23
MIAMI FL 33179

Active Attorneys ▾
 Pro Se

DEFENDANT
TAK TRUCKING, INC.

Address
REGISTERD AGENT, SREJOVIC ACCOUNTING SERVICES
2340 S. RIVER ROAD #208
DES PLAINES IL 60018

Active Attorneys ▾
Lead Attorney
FLETCHER, DOUGLAS D
Retained

DEFENDANT
VICTORY TRANSPORTATION, INC.

Active Attorneys ▾
Lead Attorney

Address
REGISTERED AGENT VITALE ZEMBEL
3726 AVALON TRIAL
LEBANON OH 45036

FLETCHER, DOUGLAS D
Retained

---

DEFENDANT
DODD, KRISTINA

Address
15250 KELBERG ROAD
TRAILER 42
DALLAS TX 75253

Active Attorneys ▾
Lead Attorney
SHAPIRO, ADAM JASON
Retained

---

## Events and Hearings

04/30/2021 NEW CASE FILED (OCA) - CIVIL

04/30/2021 ORIGINAL PETITION  ▾

ORIGINAL PETITION

04/30/2021 ISSUE CITATION  ▾

ISSUE CITATION - REUBEN COX

ISSUE CITATION - KRISTINA DODD

ISSUE CITATION - VICTORY TRANSPORTATION, INC

04/30/2021 JURY DEMAND  ▾

JURY DEMAND

05/07/2021 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**REUBEN COX**

05/07/2021 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**TAK TRUCKING, INC**

05/07/2021 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**VICTORY TRANSPORTATION, INC**

05/07/2021 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**KRISTINA DODD**

05/25/2021 AMENDED PETITION ▾

PLAINTIFF'S AMENDED PETITION

Comment
**AMENDED**

05/25/2021 ISSUE CITATION ▾

ISSUE CITATION - KRISTINA DODD

ISSUE CITATION - VICTORY TRANSPORTATION, INC.

ISSUE CITATION - TAK TRUCKING, INC.

ISSUE CITATION - REUBEN COX

ISSUE CITATION - REISSUED - TAK TRUCKING, INC.

06/01/2021 CITATION ▾

Served
**06/14/2021**

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
08/06/2021

Comment
KRISTINA DODD

---

06/01/2021 CITATION ▾

Served
06/19/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
08/06/2021

Comment
VICTORY TRANSPORTATION, INC.

---

06/01/2021 CITATION ▾

Served
07/12/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
08/06/2021

Comment
TAK TRUCKING, INC.

---

06/01/2021 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
REUBEN COX

---

08/06/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - KRISTINA DODD

Comment
EXECUTED CITATION - KRISTINA DODD

08/06/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - VICTORY TRANSPORTATION, INC

Comment
EXECUTED CITATION - VICTORY TRANSPORTATION, INC

08/06/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - TAK TRUCKING, INC

Comment
EXECUTED CITATION - TAK TRUCKING, INC

08/06/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT (TAK) ORIGINAL ANSWER

08/06/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT ORIGNAL ANSWER-VICTORY TRANSPORATION

08/18/2021 SCHEDULING ORDER ▾

SCHEDULING ORDER

08/25/2021 MOTION - SUBSTITUTE SERVICE ▾

MTN TO SUBST SERVICE

08/25/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO SUBST SERVICE

Comment
PROPOSED ORDER TO SUBST SERVICE

08/27/2021 NOTE - ADMINISTRATOR ▾

Comment
O/SUBST SREVICE TO JUDGE'S QUEUE

08/27/2021 ORDER - SUBSTITUTE SERVICE ▾

ORDER TO SUBST SERVICE - REUBEN COX

Comment
REUBEN COX

09/08/2021 AFFIDAVIT ▾

PLAINTIFF'S NOTICE OF SERVICE AND FILING RECORD AFFIDAVITS

Comment
PLAINTIFF'S NOTICE OF SERVICE AND FILING RECORD AFFIDAVITS AND CERTIFIED COPIES

09/08/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT, KRISTINA DODD'S, ORIGINAL ANSWER, REQUEST FOR DISCLOSURE AND JURY DEMAND

Comment
REQUEST FOR DISCLOSURE AND JURY DEMAND

10/07/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - GENERAL DENIAL

10/22/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEFENDANT'S 1ST AMENDED ANSWER

Comment
1ST

10/29/2021 AFFIDAVIT ▾

PLT 1ST SUPP NTC OF SERVICE AND FILING AFFS

Comment
FIRST SUPPLEMENTAL NOTICE OF SERVICE AND FILING RECORD AFFIDAVITS

11/23/2021 NOTICE OF NONSUIT ▾

AGREED NOTICE OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

Comment
AGREED/ WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

11/23/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED AGREED ORDER OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

Comment
PROPOSED AGREED ORDER OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

11/30/2021 NOTE - ADMINISTRATOR ▾

Comment
O/NONSUIT KRISTINA DODD TO JUDGE'S QUEUE

12/01/2021 ORDER - NONSUIT ▾

AGREED ORDER OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

Comment
AGREED AS TO KRISTINA DODD

12/01/2021 NOTE - CLERKS ▾

Cover Sheet (General)

Cover Sheet (General)

Comment
COPY PARTIES LISTED IN ORDER

10/18/2022 Jury Trial - Civil ▾

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

Judicial Officer
MOORE, MARICELA

Hearing Time
9:00 AM

# Financial

JOHNSON, LASHANDA

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $396.00 |
| Total Payments and Credits | | | | $396.00 |
| 5/3/2021 | Transaction Assessment | | | $364.00 |
| 5/3/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 27383-2021-DCLK | Johnson, Lashanda | ($364.00) |
| 5/26/2021 | Transaction Assessment | | | $32.00 |
| 5/26/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 33217-2021-DCLK | JOHNSON, LASHANDA | ($32.00) |

## Documents

ORIGINAL PETITION

JURY DEMAND

ISSUE CITATION - REUBEN COX

ISSUE CITATION - KRISTINA DODD

ISSUE CITATION - VICTORY TRANSPORTATION, INC

PLAINTIFF'S AMENDED PETITION

ISSUE CITATION - KRISTINA DODD

ISSUE CITATION - VICTORY TRANSPORTATION, INC.

ISSUE CITATION - TAK TRUCKING, INC.

ISSUE CITATION - REUBEN COX

ISSUE CITATION - REISSUED - TAK TRUCKING, INC.

EXECUTED CITATION - KRISTINA DODD

EXECUTED CITATION - VICTORY TRANSPORTATION, INC

EXECUTED CITATION - TAK TRUCKING, INC

DEFENDANT (TAK) ORIGINAL ANSWER

DEFENDANT ORIGNAL ANSWER-VICTORY TRANSPORATION

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

SCHEDULING ORDER

MTN TO SUBST SERVICE

ORDER TO SUBST SERVICE - REUBEN COX

PROPOSED ORDER TO SUBST SERVICE

PLAINTIFF'S NOTICE OF SERVICE AND FILING RECORD AFFIDAVITS

DEFENDANT, KRISTINA DODD'S, ORIGINAL ANSWER, REQUEST FOR DISCLOSURE AND JURY DEMAND

ORIGINAL ANSWER - GENERAL DENIAL

DEFENDANT'S 1ST AMENDED ANSWER

PLT 1ST SUPP NTC OF SERVICE AND FILING AFFS

AGREED NOTICE OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

AGREED ORDER OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

PROPOSED AGREED ORDER OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD

Cover Sheet (General)

Cover Sheet (General)

2

From: Christal Bables          Fax: 19724997616          To: American Inter-Fidelity ExciFax: (219) 755-4560          Page: 3 of 13          05/10/2021 1:32 PM

4 CITATIONS ESERVE          Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 15 of 86   PageID 28

FILED
4/30/2021 9:40 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Wilkerson DEPUTY

DC-21-05524

CAUSE NO. _____

| | | |
|---|---|---|
| LASHANDA JOHNSON; | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| REUBEN COX; TAK TRUCKING, INC.; | § | |
| VICTORY TRANSPORTATION, INC.; | § | |
| AND KRISTINA DODD; | § | 162nd |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Lashanda Johnson files Plaintiff's Original Petition complaining of Defendants Reuben Cox, TAK Trucking, Inc., Victory Transportation, Inc., and Kristina Dodd.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

From: Christal Bables        Fax: 19724997616        To: American Inter-Fidelity ExclFax: (219) 755-4560        Page: 4 of 13        05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 16 of 86   PageID 29

## III. PARTIES

Plaintiff Lashanda Johnson is an individual resident of Allen, Collin County, Texas. Her driver's license number is *****871 and her social security number is ***-**-*137.

Defendant Reuben Cox is an individual resident of Miami, Miami-Dade County, Texas and may be served with process at 1760 NW 58th Street, Miami, Florida 33142.

Defendant TAK Trucking, Inc. is a corporation doing business in Elk Grove Village, Cook County, Texas and may be served with process at 2510 Devon Avenue, Elk Grove Village, Illinois 60007.

Defendant Victory Transportation, Inc. is a corporation doing business in Miami, Miami-Dade County, Texas and may be served with process at 21050 Point Place, #501, Miami, Florida 33180.

Defendant Kristina Dodd is an individual resident of Dallas, Dallas County, Texas and may be served with process at 13833 Indian Wells Road, Dallas, Texas 75253.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since Defendant Kristina Dodd resides in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

From: Christal Bables      Fax: 19724997616      To: American Inter-Fidelity Excl Fax: (219) 755-4560      Page: 5 of 13      05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 17 of 86   PageID 30

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Friday, September 20, 2019 at or near Interstate 20 and Helms Trails within the city limits of Forney, Kaufman County, Texas. Plaintiff Lashanda Johnson was operating her vehicle eastbound on Interstate 20. Defendant Kristina Dodd was driving ahead of Plaintiff in the same lane and came to a sudden stop for traffic ahead. Defendant Reuben Cox was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction. Defendant Reuben Cox was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant TAK Trucking, Inc. Defendant Reuben Cox failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle, pushing her into Defendant Kristina Dodd. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT REUBEN COX

At the time of the motor vehicle collision, Defendant Reuben Cox was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

From: Christal Bables    Fax: 19724997616    To: American Inter-Fidelity ExcIFax: (219) 755-4560    Page: 6 of 13    05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 18 of 86   PageID 31

2.   Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3.   Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

4.   Defendant failed to control his speed;

5.   Defendant failed to safely operate his tractor-trailer; and

6.   Defendant failed to have or apply all his mental faculties because he was distracted by cell phone usage.

## B.   GROSS NEGLIGENCE – CELL PHONE USE OF DEFENDANT REUBEN COX

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## C.   NEGLIGENT ENTRUSTMENT – DEFENDANT TAK TRUCKING, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant TAK Trucking, Inc. was the owner of the

From: Christal Bables     Fax: 19724997616     To: American Inter-Fidelity Excl Fax: (219) 755-4560     Page: 7 of 13     05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 19 of 86   PageID 32

vehicle driven by Defendant Reuben Cox. Defendant TAK Trucking, Inc. entrusted the vehicle to Defendant Reuben Cox. Defendant Reuben Cox was unlicensed, incompetent, and/or reckless and Defendant TAK Trucking, Inc. knew or should have known that Defendant Reuben Cox was unlicensed, incompetent, and/or reckless. Defendant Reuben Cox's negligence on the occasion in question proximately caused the collision.

**D.     RESPONDEAT SUPERIOR – DEFENDANT TAK TRUCKING, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Reuben Cox was in the course and scope of his employment with Defendant TAK Trucking, Inc. thereby making Defendant TAK Trucking, Inc. liable under the doctrine of *Respondeat Superior*.

**E.     NEGLIGENCE – DEFENDANT TAK TRUCKING, INC.**

Defendant TAK Trucking, Inc. negligently hired and retained Defendant Reuben Cox. Moreover, Defendant TAK Trucking, Inc. failed to properly qualify, train and/or supervise Defendant Reuben Cox in order to prevent such collision.

**F.     GROSS NEGLIGENCE – DEFENDANT TAK TRUCKING, INC.**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant TAK Trucking, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant TAK Trucking, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant TAK Trucking, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in

From: Christal Bables          Fax: 19724997616          To: American Inter-Fidelity Excl Fax: (219) 755-4560          Page: 8 of 13          05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 20 of 86   PageID 33

conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant TAK Trucking, Inc. chose to allow Defendant Reuben Cox to operate a vehicle under Defendant TAK Trucking, Inc.'s motor carrier authority on public roadways at the time of the collision

## G.   NEGLIGENT ENTRUSTMENT – DEFENDANT VICTORY TRANSPORTATION, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Victory Transportation, Inc. was the owner of the vehicle driven by Defendant Reuben Cox. Defendant Victory Transportation, Inc. entrusted the vehicle to Defendant Reuben Cox. Defendant Reuben Cox was unlicensed, incompetent, and/or reckless and Defendant Victory Transportation, Inc. knew or should have known that Defendant Reuben Cox was unlicensed, incompetent, and/or reckless. Defendant Reuben Cox's negligence on the occasion in question proximately caused the collision.

## H.   RESPONDEAT SUPERIOR – DEFENDANT VICTORY TRANSPORTATION, INC.

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Reuben Cox was in the course and scope of his employment with Defendant Victory Transportation, Inc. thereby making Defendant Victory Transportation, Inc. liable under the doctrine of *Respondeat Superior*.

## I.   NEGLIGENCE – DEFENDANT VICTORY TRANSPORTATION, INC.

Defendant Victory Transportation, Inc. negligently hired and retained Defendant Reuben Cox. Moreover, Defendant Victory Transportation, Inc. failed

From: Christal Bables          Fax: 19724997616          To: American Inter-Fidelity ExclFax: (219) 755-4560          Page: 9 of 13          05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 21 of 86   PageID 34

to properly qualify, train and/or supervise Defendant Reuben Cox in order to prevent such collision.

## J.    GROSS NEGLIGENCE – DEFENDANT VICTORY TRANSPORTATION, INC.

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Victory Transportation, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant Victory Transportation, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant Victory Transportation, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Victory Transportation, Inc. chose to allow Defendant Reuben Cox to operate a vehicle under Defendant Victory Transportation, Inc.'s motor carrier authority on public roadways at the time of the collision

## K.    NEGLIGENCE – DEFENDANT KRISTINA DODD

At the time of the motor vehicle collision, Defendant Kristina Dodd was operating her vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her vehicle reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.    Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

From: Christal Bables          Fax: 19724997616          To: American Inter-Fidelity Exc|Fax: (219) 755-4560          Page: 10 of 13          05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 22 of 86   PageID 35

2.     Defendant failed to turn her vehicle in an effort to avoid the
       collision.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered

extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered

the following damages:

   a.     Medical expenses in the past and future;

   b.     Lost wages in the past and loss of earning capacity in the future;

   c.     Property damage and loss of use of Plaintiff's vehicle;

   d.     Disfigurement;

   e.     Physical impairment in the past and future;

   f.     Physical pain and suffering in the past and future; and

   g.     Mental anguish in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery

against the party producing same. The authenticity of such items is self-proven

per TRCP 193.7.

## IX. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the

U.S. Life Tables as prepared by the Department of Health and Human Services.

From: Christal Bables    Fax: 19724997616    To: American Inter-Fidelity Exc|Fax: (219) 755-4560    Page: 11 of 13    05/10/2021 1:32 PM

Case 3:21-cv-03105-E    Document 1-4    Filed 12/13/21    Page 23 of 86    PageID 36

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's disfigurement;

6. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiff's damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

From: Christal Bables     Fax: 19724997616          To: American Inter-Fidelity Exc|Fax: (219) 755-4560          Page: 12 of 13     05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 24 of 86   PageID 37

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Jibraeel "Jib" Zaidi*
   **JIBRAEEL "JIB" ZAIDI**
   State Bar No. 24091248
   jib.zaidi@witheritelaw.com
   **SHELLY GRECO**
   State Bar No. 24008168
   shelly.greco@witheritelaw.com
   10440 N. Central Expressway
   Suite 400
   Dallas, TX 75231-2228
   214/378-6665
   214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

From: Christal Bables     Fax: 19724997616          To: American Inter-Fidelity ExclFax: (219) 755-4560          Page: 13 of 13     05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 25 of 86   PageID 38

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Casey Kummell on behalf of Jibraeel Zaidi
Bar No. 24091248
Casey.Kummell@witheritelaw.com
Envelope ID: 53019948
Status as of 5/3/2021 3:36 PM CST

Associated Case Party: Lashanda Johnson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christal Bables | | Christal.Bables@witheritelaw.com | 4/30/2021 9:40:20 PM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 4/30/2021 9:40:20 PM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 4/30/2021 9:40:20 PM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 4/30/2021 9:40:20 PM | SENT |

From: Christal Bables     Fax: 19724997616          To: American Inter-Fidelity Exc:Fax: (219) 755-4560          Page: 1 of 13     05/10/2021 1:32 PM

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 26 of 86   PageID 39

# FAX

| Date: | 05/10/2021 |
|---|---|

| Pages including cover sheet: | 13 |
|---|---|

| **To:** | American Inter-Fidelity Exchange |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Phone** | *(219) 755-4560* |

| **From:** | Christal Bables |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | (214) 247-7484 * 161 |
| **Fax Phone** | 19724997616 |

**NOTE:**

**3**

FILED
5/25/2021 2:32 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

4 CIT ESERVE
Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 28 of 86   PageID 41

## CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| **LASHANDA JOHNSON;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **REUBEN COX; TAK TRUCKING, INC.;** | § | |
| **VICTORY TRANSPORTATION, INC.;** | § | |
| **AND KRISTINA DODD;** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **162ND JUDICIAL DISTRICT** |

## PLAINTIFF'S AMENDED PETITION

Plaintiff Lashanda Johnson files Plaintiff's Amended Petition complaining of Defendants Reuben Cox, TAK Trucking, Inc., Victory Transportation, Inc., and Kristina Dodd.

## I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.  PARTIES

Plaintiff Lashanda Johnson is an individual resident of Allen, Collin County, Texas. Her driver's license number is *****871 and her social security number is ***-**-*137.

Defendant Reuben Cox is an individual resident of Miami, Miami-Dade County, Texas and may be served with process at 65 NE 202nd Terrace, #Q23, Miami, Florida 33179.

Defendant TAK Trucking, Inc. is a corporation doing business in Elk Grove Village, Cook County, Illinois and may be served with process through its Registered Agent, Srejovic Accounting Services at 2340 S. River Road #208, Des Plaines, Illinois 60018.

Defendant Victory Transportation, Inc. is a corporation doing business in Miami, Miami-Dade County, Florida and may be served with process through its registered agent Vitale Zembel at 3726 Avalon Trail, Lebanon, Ohio 45036

Defendant Kristina Dodd is an individual resident of Dallas, Dallas County, Texas and may be served with process at 15250 Kleberg Road, Trailer 42, Dallas, Texas 75253.

### IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since Defendant Kristina Dodd resides in Dallas County, Texas. Venue therefore is proper in

Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Friday, September 20, 2019 at or near Interstate 20 and Helms Trails within the city limits of Forney, Kaufman County, Texas.  Plaintiff Lashanda Johnson was operating her vehicle eastbound on Interstate 20.  Defendant Kristina Dodd was driving ahead of Plaintiff in the same lane and came to a sudden stop for traffic ahead.  Defendant Reuben Cox was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction.  Defendant Reuben Cox was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant TAK Trucking, Inc.  Defendant Reuben Cox failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle, pushing her into Defendant Kristina Dodd.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.     NEGLIGENCE – DEFENDANT REUBEN COX

At the time of the motor vehicle collision, Defendant Reuben Cox was operating his 18-wheeler negligently.  Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

1.      Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2.      Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

3.      Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

4.      Defendant failed to control his speed;

5.      Defendant failed to safely operate his tractor-trailer; and

6.      Defendant failed to have or apply all his mental faculties because he was distracted by cell phone usage.

## B.      GROSS NEGLIGENCE – CELL PHONE USE OF DEFENDANT REUBEN COX

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.  Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

### C.     NEGLIGENT ENTRUSTMENT – DEFENDANT TAK TRUCKING, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant TAK Trucking, Inc. was the owner of the vehicle driven by Defendant Reuben Cox.  Defendant TAK Trucking, Inc. entrusted the vehicle to Defendant Reuben Cox. Defendant Reuben Cox was unlicensed, incompetent, and/or reckless and Defendant TAK Trucking, Inc. knew or should have known that Defendant Reuben Cox was unlicensed, incompetent, and/or reckless.  Defendant Reuben Cox's negligence on the occasion in question proximately caused the collision.

### D.     RESPONDEAT SUPERIOR – DEFENDANT TAK TRUCKING, INC.

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Reuben Cox was in the course and scope of his employment with Defendant TAK Trucking, Inc. thereby making Defendant TAK Trucking, Inc. liable under the doctrine of *Respondeat Superior.*

### E.     NEGLIGENCE – DEFENDANT TAK TRUCKING, INC.

Defendant TAK Trucking, Inc. negligently hired and retained Defendant Reuben Cox. Moreover, Defendant TAK Trucking, Inc. failed to properly qualify, train and/or supervise Defendant Reuben Cox in order to prevent such collision.

### F.     GROSS NEGLIGENCE – DEFENDANT TAK TRUCKING, INC..

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant TAK Trucking, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant TAK Trucking, Inc.'s actions in connection with the collision involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant TAK Trucking, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant TAK Trucking, Inc. chose to allow Defendant Reuben Cox to operate a vehicle under Defendant TAK Trucking, Inc.'s motor carrier authority on public roadways at the time of the collision

## G.   NEGLIGENT ENTRUSTMENT – DEFENDANT VICTORY TRANSPORTATION, INC.

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Victory Transportation, Inc. was the owner of the vehicle driven by Defendant Reuben Cox.  Defendant Victory Transportation, Inc. entrusted the vehicle to Defendant Reuben Cox. Defendant Reuben Cox was unlicensed, incompetent, and/or reckless and Defendant Victory Transportation, Inc. knew or should have known that Defendant Reuben Cox was unlicensed, incompetent, and/or reckless.  Defendant Reuben Cox's negligence on the occasion in question proximately caused the collision.

## H.   RESPONDEAT SUPERIOR – DEFENDANT VICTORY TRANSPORTATION, INC.

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Reuben Cox was in the course and scope of his employment with Defendant Victory Transportation, Inc. thereby making Defendant Victory Transportation, Inc. liable under the doctrine of *Respondeat Superior.*

## I.   NEGLIGENCE – DEFENDANT VICTORY TRANSPORTATION, INC.

Defendant Victory Transportation, Inc. negligently hired and retained Defendant Reuben Cox. Moreover, Defendant Victory Transportation, Inc. failed to properly qualify, train and/or supervise Defendant Reuben Cox in order to prevent such collision.

## J.   GROSS NEGLIGENCE – DEFENDANT VICTORY TRANSPORTATION, INC..

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Victory Transportation, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant Victory Transportation, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant Victory Transportation, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Victory Transportation, Inc. chose to allow Defendant Reuben Cox to operate a vehicle under Defendant Victory Transportation, Inc.'s motor carrier authority on public roadways at the time of the collision

## K.   NEGLIGENCE – DEFENDANT KRISTINA DODD

At the time of the motor vehicle collision, Defendant Kristina Dodd was operating her vehicle negligently. Specifically, Defendant had a duty to exercise

ordinary care and operate her vehicle reasonably and prudently. Defendant

breached that duty in one or more of the following respects:

1.  Defendant failed to keep such proper lookout and attention to the
    roadway as a person of ordinary prudence would have kept under
    the same or similar circumstances;

2.  Defendant failed to turn her vehicle in an effort to avoid the
    collision.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered

extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered

the following damages:

a.  Medical expenses in the past and future;

b.  Lost wages in the past and loss of earning capacity in the future;

c.  Property damage and loss of use of Plaintiff's vehicle;

d.  Disfigurement;

e.  Physical impairment in the past and future;

f.  Physical pain and suffering in the past and future; and

g.  Mental anguish in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery

against the party producing same.  The authenticity of such items is self-proven

per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the

U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Plaintiff's future medical expenses;

3.  Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.  Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5.  Plaintiff's disfigurement;

6.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9.  Interest on the judgment at the legal rate from the date of judgment;

10.  Pre-judgment interest on Plaintiff's damages as allowed by law;

11.  All costs of court; and

12.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**


BY: */s/ Jibraeel "Jib" Zaidi*
    **JIBRAEEL "JIB" ZAIDI**
    State Bar No. 24091248
    jib.zaidi@witheritelaw.com
    **SHELLY GRECO**
    State Bar No. 24008168
    shelly.greco@witheritelaw.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Casey Kummell on behalf of Jibraeel Zaidi
Bar No. 24091248
Casey.Kummell@witheritelaw.com
Envelope ID: 53794240
Status as of 5/26/2021 12:02 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christal Bables | | Christal.Bables@witheritelaw.com | 5/25/2021 2:32:30 PM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 5/25/2021 2:32:30 PM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 5/25/2021 2:32:30 PM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 5/25/2021 2:32:30 PM | SENT |

4

FILED
8/6/2021 10:33 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

## Cause No. DC-21-05524

| | |
|---|---|
| **LASHANDA JOHNSON;**<br>    **Plaintiff,** | **IN THE DISTRICT COURT** |
| **VS.** | **162nd JUDICIAL DISTRICT** |
| **REUBEN COX; ET AL;**<br>    **Defendants.** | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to hand on the __7__ day of __July__ , 2021 at __205__ P.m. and executed at __2340 S. River Road__ __#208__ __Des Plaines__ __IL__ __60018__ ,
  (Address)    (Apt#)    (City)    (State)    (Zip Code)
within the county of __Cook__ on the __12th__ day of __July__ , 2021 at __215__ P.m. by delivering to **Tak Trucking, Inc. by delivering to its Registered Agent Srejovic Accounting Services** accepted by __Jelena Ristic__ an employee of Srejovic Accounting Services, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Amended Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _____
    Private Process Server

## VERIFICATION

    BEFORE ME, a Notary Public, on this day personally appeared __Jason Laning__ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this __12th__ day of __July__ , 2021.

_____
Notary Public, State of Illinois



ARICA E. COSTELLO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
October 01, 2022

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**  TAK TRUCKING, INC.
BY SERVING ITS REGISTERED AGENT, SREJOVIC ACCOUNTING SERVICES
2340 S. RIVER RD. #208
DES PLAINES, IL 60018

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **AMENDED** petition, a default judgment may be taken against
you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District
Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LASHANDA JOHNSON**

Filed in said Court **25th day of May, 2021** against

**REUBEN COX, TAK TRUCKING, INC., VICTORY TRANSPORTATION, INC. AND KRISTINA DODD**

For Suit, said suit being numbered **DC-21-05524,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of June, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
CARLENIA BOULIGNY



---

**ESERVE**

**CITATION**

**DC-21-05524**

---

LASHANDA JOHNSON
Vs.
REUBEN COX, et al

ISSUED THIS
1st day of June, 2021

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

---

**Attorney for Plaintiff**
**JIBRAEEL ZAIDI**
WITHERITE LAW GROUP PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX 75231
214-378-6665
jib.zaidi@witheritelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-05524

Court No.162nd District Court

Style: LASHANDA JOHNSON

 Vs.

REUBEN COX, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of _____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | | |
|---|---|---|---|---|
| For serving Citation | $_____ | | _____ | |
| For mileage | $_____ | of | _____ County, | _____ |
| For Notary | $_____ | by | _____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Larissa Flake on behalf of Jibraeel Zaidi
Bar No. 24091248
larissa.flake@witheritelaw.com
Envelope ID: 56066729
Status as of 8/6/2021 1:58 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Casey Kummell | | casey.kummell@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |

**5**

FILED
8/6/2021 10:33 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

Case 3:21-cv-03105-E   Document 1-4   Filed 12/13/21   Page 45 of 86   PageID 58

Cause No. DC-21-05524

| | |
|---|---|
| LASHANDA JOHNSON; | IN THE DISTRICT COURT |
| Plaintiff, | |
| | |
| VS. | 162nd JUDICIAL DISTRICT |
| | |
| REUBEN COX; ET AL; | DALLAS COUNTY, TEXAS |
| Defendants. | |

## RETURN OF SERVICE

Came to hand on the 10TH day of June , 2021 at 4 40p m. and executed at 3726 Avalon Trail Lebanon, OH 45036

(Address)      (Apt#)      (City)      (State)      (Zip Code)

within the county of Warren on the 19TH day of June , 2021 at 9:31 a m. by delivering to Victory Transportation, Inc., by delivering to its Registered Agent, Vitale Zembei, in person a true copy of the Citation together with a true and correct copy of the Plaintiff's Amended Petition filed in this cause, having first endorsed thereupon the date of delivery

By: _____

Private Process Server

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared Dale Dorning known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this 19TH day of June , 2021.

_____

Notary Public, State of Ohio

VALENTINA DORNING
Notary Public, State of Ohio
My Comm. Expires 12/15/2025

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**    VICTORY TRANSPORTATION, INC.
        BY SERVING ITS REGISTERED AGENT, VITALE ZEMBEL
        3726 AVALON TRAIL
        LEBANON, OH 45036

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **AMENDED** petition, a default judgment may be taken against
you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District
Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LASHANDA JOHNSON**

Filed in said Court **25th day of May, 2021** against

**REUBEN COX, TAK TRUCKING, INC., VICTORY TRANSPORTATION, INC. AND KRISTINA DODD**

For Suit, said suit being numbered <u>**DC-21-05524,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of June, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlenia Bouligny_ , Deputy
     CARLENIA BOULIGNY



**ESERVE**

**CITATION**

**DC-21-05524**

**LASHANDA JOHNSON**
Vs.
**REUBEN COX, et al**

ISSUED THIS
**1st day of June, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**JIBRAEEL ZAIDI**
WITHERITE LAW GROUP PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX 75231
214-378-6665
**jib.zaidi@witheritelaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-05524

Court No.162nd District Court

Style: LASHANDA JOHNSON

Vs.

REUBEN COX, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at

_____, within the County of _____ at _____ o'clock _____ .M. on the

_____day of_____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | by _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____  County _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Larissa Flake on behalf of Jibraeel Zaidi
Bar No. 24091248
larissa.flake@witheritelaw.com
Envelope ID: 56066729
Status as of 8/6/2021 1:58 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |

6

FILED
8/6/2021 10:33 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

## Cause No. DC-21-05524

| | |
|---|---|
| **LASHANDA JOHNSON;** <br> Plaintiff, | **IN THE DISTRICT COURT** |
| **VS.** | **162nd JUDICIAL DISTRICT** |
| **REUBEN COX; ET AL;** <br> Defendants. | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to hand on the _11th_ day of _June_____, 2021 at _4:04_.m. and executed at _15 2 50 Kleberg Rd. # 42_____ _Dallas____ _TX_ _75 253_ ,
     (Address)           (Apt#)      (City)     (State)   (Zip Code)

within the county of _Dallas_____ on the _14th_ day of _June___, 2021 at _2:42_ _P_.m. by delivering to **Kristina Dodd**, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Amended Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _Anita Skillern_

Private Process Server

PSC# _1133_____ Expires: _07/31/2022_

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared _Anita Skillern_____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _14th_ day of _June___, 2021.

_Patricia Beth Burham_

Notary Public, State of Texas



PATRICIA BETH BURHAM
My Notary ID # 130632243
Expires April 22, 2024

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **KRISTINA DODD**
**15250 KLEBERG RD., TRAILER 42**
**DALLAS, TX 75253**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **AMENDED** petition, a default judgment may be taken against
you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District
Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LASHANDA JOHNSON**

Filed in said Court **25th day of May, 2021** against

**REUBEN COX, TAK TRUCKING, INC., VICTORY TRANSPORTATION, INC. AND KRISTINA DODD**

For Suit, said suit being numbered **DC-21-05524,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of June, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlenia Bouligny_ , Deputy
CARLENIA BOULIGNY



**ESERVE**

**CITATION**

DC-21-05524

**LASHANDA JOHNSON**
Vs.
**REUBEN COX, et al**

ISSUED THIS
1st day of June, 2021

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**JIBRAEEL ZAIDI**
WITHERITE LAW GROUP PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX 75231
214-378-6665
jib.zaidi@witheritelaw.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

Case No. : DC-21-05524

Court No.162nd District Court

Style: LASHANDA JOHNSON

Vs.

REUBEN COX, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at

_____, within the County of _____ at _____ o'clock _____ .M. on the

_____ day of _____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of _____ County, _____ | |
| For Notary | $_____ | by _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Larissa Flake on behalf of Jibraeel Zaidi
Bar No. 24091248
larissa.flake@witheritelaw.com
Envelope ID: 56066729
Status as of 8/6/2021 1:58 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/6/2021 10:33:00 AM | SENT |

7

FILED
8/6/2021 12:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

AIF.25775

## CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| **LASHANDA JOHNSON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **REUBEN COX; TAK TRUCKING,** | § | |
| **INC.; VICTORY TRANSPORTATION,** | § | |
| **INC. and KRISTINA DODD,** | § | |
| **Defendants.** | § | **162ND JUDICIAL DISTRICT** |

## DEFENDANT TAK TRUCKING, INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW TAK TRUCKING, INC.,** Defendant in the above entitled and numbered cause, and files this its Original Answer and for same would respectfully show unto the Court as follows:

### I.

### General Denial

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### Jury Demand

Defendant hereby, in accordance with Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury. A jury fee has previously been paid.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Plaintiff take nothing by this suit, that Defendant be awarded its costs, and for such other and further relief,

both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**

BY:    */s/Douglas D. Fletcher*

**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Email: doug.fletcher@fletcherfarley.com
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**MATTHEW B. SKIDMORE**
State Bar No. 24106941
Email: matthew.skidmore@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT TAK TRUCKING, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the Texas Rules of Civil Procedure, on this the 6th day of August, 2021.

*/s/Douglas D. Fletcher*

**DOUGLAS D. FLETCHER**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Douglas Fletcher on behalf of Douglas Fletcher
Bar No. 07139500
sheila.landua@fletcherfarley.com
Envelope ID: 56074286
Status as of 8/9/2021 9:36 AM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/6/2021 12:07:14 PM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/6/2021 12:07:14 PM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 8/6/2021 12:07:14 PM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/6/2021 12:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Douglas DFletcher | | sheila.landua@fletcherfarley.com | 8/6/2021 12:07:14 PM | SENT |
| Rosa Lavin | | rosa.lavin@fletcherfarley.com | 8/6/2021 12:07:14 PM | SENT |
| Jeffrey Smith | | jeffrey.smith@fletcherfarley.com | 8/6/2021 12:07:14 PM | SENT |
| Matthew B.Skidmore | | matthew.skidmore@fletcherfarley.com | 8/6/2021 12:07:14 PM | SENT |



FILED
8/6/2021 12:24 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

AIF.25775

## CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| **LASHANDA JOHNSON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **REUBEN COX; TAK TRUCKING,** | § | |
| **INC.; VICTORY TRANSPORTATION,** | § | |
| **INC. and KRISTINA DODD,** | § | |
| **Defendants.** | § | **162ND JUDICIAL DISTRICT** |

## DEFENDANT VICTORY TRANSPORTATION, INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW VICTORY TRANSPORTATION, INC.,** Defendant in the above entitled and numbered cause, and files this its Original Answer and for same would respectfully show unto the Court as follows:

### I.

### General Denial

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### Jury Demand

Defendant hereby, in accordance with Rule 216 of the Texas Rules of Civil Procedure, demands a trial by jury. A jury fee has previously been paid.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Plaintiff take nothing by this suit, that Defendant be awarded its costs, and for such other and further relief,

both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

BY:     */s/Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Email: doug.fletcher@fletcherfarley.com
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**MATTHEW B. SKIDMORE**
State Bar No. 24106941
Email: matthew.skidmore@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT
VICTORY TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the Texas Rules of Civil Procedure, on this the 6th day of August, 2021.

*/s/Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Douglas Fletcher on behalf of Douglas Fletcher
Bar No. 07139500
sheila.landua@fletcherfarley.com
Envelope ID: 56075148
Status as of 8/9/2021 10:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Douglas DFletcher | | sheila.landua@fletcherfarley.com | 8/6/2021 12:24:17 PM | SENT |
| Rosa Lavin | | rosa.lavin@fletcherfarley.com | 8/6/2021 12:24:17 PM | SENT |
| Jeffrey Smith | | jeffrey.smith@fletcherfarley.com | 8/6/2021 12:24:17 PM | SENT |
| Matthew B.Skidmore | | matthew.skidmore@fletcherfarley.com | 8/6/2021 12:24:17 PM | SENT |

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/6/2021 12:24:17 PM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/6/2021 12:24:17 PM | SENT |
| Casey Kummell | | casey.kummell@witheritelaw.com | 8/6/2021 12:24:17 PM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/6/2021 12:24:17 PM | SENT |

**9**

## CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| **LASHANDA JOHNSON;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **REUBEN COX; TAK TRUCKING, INC.;** | § | |
| **VICTORY TRANSPORTATION, INC.;** | § | |
| **AND KRISTINA DODD;** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **162ND JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE OF DEFENDANT REUBEN COX PURSUANT TO TRCP 106

On this day came to be considered Plaintiff's Motion for Substituted Service of Defendant Reuben Cox Pursuant to TRCP 106.   The Court having considered the motion, its contents, and the evidence attached to it, is of the opinion that the motion should be granted.  The Court hereby authorizes service of Defendant Reuben Cox:

1.    By leaving a true copy of the citation with a copy of the petition attached with anyone over the age of sixteen (16) years at <u>65 NE 202nd Terrace #Q23, Miami, FL 33179</u>; or

2.    By affixing a true copy of the citation with the petition attached to the front door of <u>65 NE 202nd Terrace #Q23, Miami, FL 33179</u>.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**     **8/27/2021 12:18:50 PM**

SIGNED this the _____ day of _____, 20___.

_____
**JUDGE PRESIDING**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE OF DEFENDANT REUBEN COX PURSUANT TO TRCP 106 – Solo Page**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Larissa Flake on behalf of Jibraeel Zaidi
Bar No. 24091248
larissa.flake@witheritelaw.com
Envelope ID: 56636421
Status as of 8/26/2021 2:41 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 8/25/2021 11:41:18 AM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 8/25/2021 11:41:18 AM | SENT |
| Christal Bables | | Christal.Bables@witheritelaw.com | 8/25/2021 11:41:18 AM | SENT |
| Larissa Sommerville | | Larissa.Sommerville@witheritelaw.com | 8/25/2021 11:41:18 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Douglas DFletcher | | sheila.landua@fletcherfarley.com | 8/25/2021 11:41:18 AM | SENT |
| Rosa Lavin | | rosa.lavin@fletcherfarley.com | 8/25/2021 11:41:18 AM | SENT |
| Jeffrey Smith | | jeffrey.smith@fletcherfarley.com | 8/25/2021 11:41:18 AM | SENT |
| Matthew B.Skidmore | | matthew.skidmore@fletcherfarley.com | 8/25/2021 11:41:18 AM | SENT |
| Mayra Rodriguez | | mayra.rodriguez@fletcherfarley.com | 8/25/2021 11:41:18 AM | SENT |

# 10

CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| LASHANDA JOHNSON, | § | IN THE DISTRICT COURT |
|     PLAINTIFF, | § | |
| | § | |
| VS. | § | 162ND JUDICIAL DISTRICT COURT |
| | § | |
| KRISTINA DODD, RUBEN COX, | § | |
| TAK TRUCKING INC. & VICTORY | § | |
| TRANSPORTATION, INC., | § | DALLAS COUNTY, TEXAS |
|     DEFENDANTS. | | |

## DEFENDANT KRISTINA DODD'S ORIGINAL
## ANSWER, REQUEST FOR DISCLOSURE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Kristina Dodd (hereinafter referred to as "Defendant"), files this Original Answer, Request for Disclosure and Jury Demand in the above-referenced and numbered cause, and would respectfully show the following:

I.

As authorized by Rule 92, TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every, all and singular, the allegations found in Plaintiff's Petition and, since they are allegations of fact, the Plaintiff should be required to prove the allegations asserted against Defendant by a preponderance of the evidence in accordance with the laws of the State of Texas.

II.

Defendant further asserts that she did not proximately cause Plaintiff's damages, and that their conduct, actions and/or omissions, if any, were not the producing cause of Plaintiff's damages.

III.

Defendant further asserts that Plaintiff was contributorily negligent in that they failed to exercise that degree of care and caution, which would have been exercised by a person of ordinary

prudence.  Some or all of the above acts and omissions on the part of the Plaintiff proximately caused the subject accident and Plaintiff's damages, if any.  Recoverable damages, if any, should therefore be proportionately reduced in accordance with the percentage of the Plaintiff's negligence which proximately caused the incident in this lawsuit.

IV.

Defendant, Kristina Dodd would show that the negligence of Defendants, Reuben Cox, Tak Trucking, Inc, and Victory Transportation, Inc and/or other non-parties may be the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of any Plaintiff or other party who may have caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

V.

Defendant further asserts that any injuries, damages or liabilities complained of by Plaintiff herein were the result in whole or in part of an unavoidable accident beyond the control of Defendant and was not the result of any act or omission on their part.

VI.

Defendant further asserts that the Plaintiff is not entitled to recover for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, unless Plaintiff presents evidence to prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, in accordance with TEX. CIV. PRAC. & REM. Code. Ann. §18.091.

VII.

Defendant further asserts that Plaintiff failed to mitigate her damages, if any, for the incident made the basis of this lawsuit.

VIII.

Defendant further asserts that portions of the Plaintiff's alleged damages may be based upon unrelated pre-existing conditions or infirmities for which the Plaintiff is entitled to no recovery by this suit. Defendant would show that Plaintiff had medical conditions which pre-existed this accident and that did not result from this accident.  Defendant is not responsible for Plaintiff's medical conditions and damages, if any, attributable to Plaintiff's pre-existing conditions not caused by this accident.

IX.

Defendant further asserts that the Plaintiff is not entitled to recovery any past medical expenses that have been reduced, written off or adjusted, and in accordance with Tex. Civ. Prac. & Rem. Code Ann. §41.0105, Plaintiff is limited to recover only those expenses actually paid or incurred by them.

X.

Defendant further seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against Defendant in connection with this lawsuit.

XI.

**REQUEST FOR DISCLOSURE**

Further, pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant hereby requests Plaintiff to disclose within 30 days of service of this request the information and materials

described in Rule 194.2 (a) – (l), including "the name, address, and telephone number of any person who may be designated as a responsible third party."

XII.

## NOTICE OF INTENT TO USE PLAINTIFFS' DOCUMENTS

Defendant hereby gives notice of its intention to use at trial or any hearing any document produced by Plaintiff in response to written discovery.

XIII.

## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a jury trial. The appropriate jury fee has been or will be paid to the clerk of the court within thirty (30) days in advance of the trial setting.

XIV.

## PRAYER

**BASED ON THE FOREGOING,** Defendant, Kristina Dodd prays that upon hearing that her special exception be sustained and that those portions of Plaintiff's pleadings be stricken, or in the alternative, Plaintiff be required to replead within a time that will not delay the trial, and upon final hearing, judgment be rendered that Plaintiff take nothing by their suit, for the recovery of costs in defending Plaintiff's suit, and for such further relief to which Defendant, Kristina Dodd may be justly entitled.

Respectfully Submitted,

THE LAW OFFICE OF CHRYSTI BRYANT

ADAM J. SHAPIRO
Texas Bar No. 24103033
8330 LBJ Freeway, Suite 860
Dallas, TX  75243
Telephone: 972-892-4550
Facsimile: 214-575-5575
Email: adam.shapiro@kemper.com
Eservice: KADallasEservice@kemper.com
ATTORNEYS FOR
DEFENDANT KRISTINA DODD

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on the 8th day of September 2021, a true and correct copy of the

foregoing document was forwarded to all counsel of record as follows:

| | | |
|---|---|---|
| Jibraeel "Jib" Zaidi | _____ | Hand Delivery |
| Witherite Law Group, PLLC | _____ | Facsimile |
| 10440 N. Central Expressway, Suite 400 | _____ | Certified Mail, Return Receipt Requested |
| Dallas, Texas 75231 | _____ | Receipted Commercial Delivery |
| *jib.zaidi@witheritelaw.com* | _____ | Regular U.S. Mail |
| | _x_ | E-service |

*Attorney for Plaintiff, Lashanda Johnson*

| | | |
|---|---|---|
| Douglas D. Fletcher | _____ | Hand Delivery |
| Fletcher, Farley, Shipman & Salinas, L.L.P. | _____ | Facsimile |
| 9204 N. Central Expressway, Suite 600 | _____ | Certified Mail, Return Receipt Requested |
| Dallas, Texas 75231 | _____ | Receipted Commercial Delivery |
| doug.fletcher@fletcherfarley.com | _____ | Regular U.S. Mail |
| | _x_ | E-service |

*Attorney for Defendant,*
*Tak Trucking Inc. & Victory Transportation,*
*Inc.*


_____
ADAM J. SHAPIRO

11

DC-21-05524

# IN THE JUSTICE COURT
## 162ND JUDICIAL DISTRICT
## DALLAS COUNTY, TEXAS

LASHANDA JOHNSON

      Plaintiff,

vs.

REUBEN DALE COX,

      Defendant

CAUSE NO. DC-21-05524

PLEADING TITLE

FILED
21 OCT -7 PM 4:19
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

## PLAINTIFF'S AMENDED PETITION

In response to the Plaintiff, LaShanda Johnson's, Complaint, I, the Defendant, Reuben Cox, should like to inform this Court, that all of the Allegations, and other Accusations, contained within the Plaintiff's Complaint, have been addressed by the Kaufman County Justice Court. I have attached a copy of the Final Judgment rendered by the Court, where the Justice of the Peace, found me Not Guilty of the charged offenses, and released me from all liabilities relating to this charge. I have attached a copy of the Final Judgment.

September 30, 2021.

Reuben D. Cox

Reuben Cox

COPY

## CAUSE NO. CR-19-2265*1

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE JUSTICE COURT |
| | § | |
| v. | § | PRECINCT NO. 1 |
| | § | |
| REUBEN DALE COX | § | KAUFMAN COUNTY, TEXAS |

### JUDGMENT OF ACQUITTAL BY COURT

Judge Presiding:  __JUDGE MARY BARDIN__

Date of Judgment:  __OCTOBER 23, 2020__

Offense:  __FAIL TO CONTROL SPEED__

Date of Offense:  __SEPTEMBER 20, 2019__

Defendant's Plea: __Not Guilty__

This cause was called for trial in the Justice Court, Precinct No. 1, in Kaufman County, Texas on the 23rd day of October, 2020 at 9:00 A.M.  The Court rendered its judgment in open court.  Both parties appeared and announced ready for trial.  The State appeared by and through its district attorney, criminal district attorney, or county attorney.  The Defendant appeared in person and:

☑ Was represented by _Brttni Brown_
☐ Waived the right to representation.

The Defendant voluntarily waived the right to trial by jury and entered the plea indicated above.  The Defendant was mentally competent to stand trial, and entered the plea freely and voluntarily.  The Court received the plea and recorded it on the docket.

Having received the Defendant's plea, and having heard the evidence submitted, the Court **FINDS** the Defendant **NOT GUILTY** of the charged offense.  The Court **ORDERS, ADJUDGES, AND DECREES** that the Defendant is **NOT GUILTY** of the charged offense and is released from all liabilities relating to this charge. The Court further **ORDERS** that the Defendant be immediately discharged.

**ISSUED AND SIGNED** this _23_ day of _October_ 20_20_

JUSTICE OF THE PEACE, PRECINCT 1
KAUFMAN COUNTY, TEXAS

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.





**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**



EJ 548 959

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE
ReuBEN D-COX   678-160-1579
Q65 N.E. 202ND. TeRR. #83
miAmi GARDeNS, Fl. 33179

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No.      Federal Agency

ORIGIN (POSTAL SERVICE USE ONLY)

☒ 1-Day     ☒ 2-Day

PO ZIP Code        Scheduled Delivery Date (MM/DD/YY)
33169              10/4/21

Date Accepted (MM/DD/YY)    Scheduled Delivery Time
10/2/21                     ☐ 10:30 AM  ☐ 3:00 PM
                            ☐ 12 NOON   6:00

Time Accepted      ☐ AM    10:30 AM Delivery Fee
12:19  ☒ PM        $

**SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
☐ 10:30 AM Delivery Required (additional fee, where available)*
    *Refer to USPS.com® or local Post Office™ for availability.

Special Handling/Fragile    Sunday/Holiday Premium Fee
$                           $

TO: (PLEASE PRINT) PHONE
CLERK OF DiSTRict COuRtS,
DAllAS, TX. 162ND. DiSTRict COuRT
AT. 600 COMMeReNCE St.
StE. 101, DAllAS, TX. 75202
ZIP + 4® (U.S. ADDRESSES ONLY)

Weight    ☒ Flat Rate    Acceptance Employee Initials
___ lbs. ___ ozs.         NAK

DELIVERY (POSTAL SERVICE USE ONLY)

Delivery Attempt (MM/DD/YY) Time  ☐ AM ☐ PM   Employee

Delivery Attempt (MM/DD/YY) Time  ☐ AM ☐ PM   Employee

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

LABEL 11-B, MARCH 2019         PSN 7690-02-000-9996

⇦ **PEEL FROM THIS CORNER**



EP13F May 2020





# 12

FILED
10/22/2021 12:02 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

AIF.25775

## CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| **LASHANDA JOHNSON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **REUBEN COX; TAK TRUCKING,** | § | |
| **INC.; VICTORY TRANSPORTATION,** | § | |
| **INC. and KRISTINA DODD,** | § | |
| **Defendants.** | § | **162ND JUDICIAL DISTRICT** |

## DEFENDANTS' FIRST AMENDED ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW REUBEN COX, TAK TRUCKING, INC.** and **VICTORY TRANSPORTATION, INC.,** Defendants in the above entitled and numbered cause, and file this their First Amended Answer and for same would respectfully show unto the Court as follows:

### I.

### General Denial

Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

### II.

### Contributory Negligence

For further answer herein, Defendants would allege that Plaintiff, and/or other third parties over which Defendants had no control, are guilty of certain acts and/or omissions of negligence, which solely caused or, alternatively, were a proximate cause of the losses basis of above suit, if any, and damages, if any, claimed by Plaintiff.

III.

**Jury Demand**

Defendants hereby, in accordance with Rule 216 of the Texas Rules of Civil Procedure, demand a trial by jury.  A jury fee has previously been paid.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that the Plaintiff take nothing by this suit, that Defendants be awarded their costs, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
 & SALINAS, L.L.P.**

BY:    */s/Douglas D. Fletcher*_____
**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Email: doug.fletcher@fletcherfarley.com
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**MATTHEW B. SKIDMORE**
State Bar No. 24106941
Email: matthew.skidmore@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANTS REUBEN
COX, TAK TRUCKING, INC. AND VICTORY
TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the Texas Rules of Civil Procedure, on this the 22nd day of October, 2021.


*/s/Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Douglas Fletcher on behalf of Douglas Fletcher
Bar No. 07139500
sheila.landua@fletcherfarley.com
Envelope ID: 58451384
Status as of 10/22/2021 12:27 PM CST

Associated Case Party: LASHANDA JOHNSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Larissa Sommerville | | Larissa.Sommerville@witheritelaw.com | 10/22/2021 12:02:17 PM | SENT |
| Christal Bables | | Christal.Bables@witheritelaw.com | 10/22/2021 12:02:17 PM | SENT |
| Jibraeel Zaidi | | Jib.Zaidi@witheritelaw.com | 10/22/2021 12:02:17 PM | SENT |
| Lindsay Nixon | | lindsay.nixon@witheritelaw.com | 10/22/2021 12:02:17 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Douglas DFletcher | | sheila.landua@fletcherfarley.com | 10/22/2021 12:02:17 PM | SENT |
| Shelly Tomlin Greco | 24008168 | shelly.greco@witheritelaw.com | 10/22/2021 12:02:17 PM | SENT |
| Jeffrey Smith | | jeffrey.smith@fletcherfarley.com | 10/22/2021 12:02:17 PM | SENT |
| Matthew B.Skidmore | | matthew.skidmore@fletcherfarley.com | 10/22/2021 12:02:17 PM | SENT |
| Chrysti Bryant | | EADallasEservice@kemper.com | 10/22/2021 12:02:17 PM | ERROR |
| Adam Shapiro | | adam.shapiro@kemper.com | 10/22/2021 12:02:17 PM | SENT |
| Amanda O'Guin | | amanda.oguin@kemper.com | 10/22/2021 12:02:17 PM | SENT |

13

CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| LASHANDA JOHNSON; | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| REUBEN COX; TAK TRUCKING, INC.; | § | |
| VICTORY TRANSPORTATION, INC.; | § | |
| AND KRISTINA DODD; | § | |
| | § | |
| | § | |
| **Defendants.** | § | 162ND JUDICIAL DISTRICT |

## AGREED NOTICE OF NONSUIT WITHOUT PREJUDICE OF DEFENDANT KRISTINA DODD ONLY

**TO THE HONORABLE COURT:**

COMES NOW PLAINTIFF LASHANDA JOHNSON AND DEFENDANTS REUBEN COX, TAK TRUCKING, INC., VICTORY TRANSPORTATION, INC., AND KRISTINA DODD and files this Agreed Notice of Nonsuit Without Prejudice of Kristina Dodd Only and respectfully show the following:

**I.**

The Parties desire to nonsuit their claims against Defendant Kristina Dodd in the above-styled case.  Plaintiff's claims against Defendants Reuben Cox, Tak Trucking, Inc., and Victory Transportation, Inc. remain ongoing in this suit.

WHEREFORE, PREMISES CONSIDERED, The Parties hereby notify the Court of their Agreed Nonsuit Without Prejudice of Defendant Kristina Dodd Only and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Jibraeel "Jib" Zaidi*
**JIBRAEEL "JIB" ZAIDI**
State Bar No. 24091248
jib.zaidi@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**


**FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP**

BY: */s/ Douglas D. Fletcher     w/ permission*
**DOUGLAS D. FLETCHER**
State Bar No. 07139500
doug.fletcher@fletcherfarley.com
**MATTHEW B. SKIDMORE**
State Bar No. 24106941
Matthew.skidmore@fletcherfarley.com
9201 N. Central Expressway
Suite 600
Dallas, TX 75231
214/987-9600
214/987-9866 (fax)

**ATTORNEYS FOR DEFENDANTS REUBEN COX, VICTORY TRANSPORTATION, INC. AND TAK TRUCKING, INC.**

**THE LAW OFFICE OF CHRYSTI BRYANT**

BY: */s/ Adam J. Shapiro   w/ permission*

    **ADAM J. SHAPIRO**
    State Bar No. 24103033
    adam.shapiro@kemper.com
    8330 LBJ Freeway
    Suite 860
    Dallas, TX 75243
    972/82-4550
    214/575-5575 (fax)

    **ATTORNEY FOR DEFENDANT KRISTINA DODD**

14

CAUSE NO. DC-21-05524

| | | |
|---|---|---|
| LASHANDA JOHNSON; | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| REUBEN COX; TAK TRUCKING, INC.; | § | |
| VICTORY TRANSPORTATION, INC.; | § | |
| AND KRISTINA DODD; | § | |
| | § | |
| | § | |
| Defendants. | § | 162ND JUDICIAL DISTRICT |

**ORDER GRANTING AGREED NOTICE OF NONSUIT WITHOUT PREJUDICE
OF DEFENDANT KRISTINA DODD ONLY**

ON THIS DAY CAME to be considered the Agreed Notice of Nonsuit without Prejudice of Defendant Kristina Dodd Only.

The Court, having considered the motion and the pleadings on file, is of the opinion that same is well-taken and should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Agreed Notice of Nonsuit without Prejudice of Defendant Kristina Dodd Only is hereby GRANTED.

SIGNED this _____ day of _____, 2021.

_____
**JUDGE PRESIDING**